UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE DAVIS, | ) | Case No. 4:09CV1654 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | (Magistrate Judge McHargh) |
| MARGARET BRADSHAW, | ) | |
| Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner, Lawrence Davis ("Davis"), has filed a petition for a writ of habeas corpus, arising out of his 2005 convictions for drug trafficking in the Mahoning County (Ohio) Court of Common Pleas. In his petition, Davis raises three grounds for relief:

> 1. Petitioner was denied due process and equal protection when the trial court failed to instruct the jury on the culpable mental state of recklessness in regard to the vicinity of a school specification when the law in effect at the time of the crime mandated such an instruction.

> 2. Petitioner was denied due process when Appellate Court failed to recognize, as plain error, that the evidence was insufficient to support a school vicinity specification as defined by the Ohio Supreme Court, and Petitioner was further denied due process when that same court failed

to find ineffective assistance of appellate counsel for failing to raise this issue.

3. Petitioner's Constitutional rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were violated by the State's failure to disclose evidence concerning its reasons for the Pre-Indictment delay.

(Doc. 1, § 12.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

> On March 3, 2005, Appellant was indicted on five counts of drug trafficking.  Each count was based on a separate purchase of cocaine by a confidential informant and arranged by the Mahoning Valley Drug Task Force.  The drug buys occurred on June 6, June 25, July 31, and August 2, of 2003, and March 25, 2004.  These correspond to counts one through five of the indictment.  Each count was charged under R.C. 2925.03(A)(1).  Counts one and three were fourth degree felonies, as it was alleged that more than five grams but less than ten grams of cocaine were sold.  Counts four and five were third degree felonies, alleging that more than ten grams but less than one hundred grams of cocaine were sold.  Count two was a second degree felony, alleging that more than ten grams but less than one hundred grams of cocaine were sold, and also alleging that the drug sale took place within one thousand feet of a school.  There was a forfeiture specification attached to count three.
>
> Appellant was arrested on September 27, 2005.  On October 5, 2005, Appellant filed a motion pursuant to R.C. 2925.51(C) demanding that the state produce at trial John Pflugh or any other person who analyzed and signed any laboratory report containing an analysis of the controlled substances involved in the case.  The trial court sustained the motion on October 11, 2005.

On October 7, 2005, Appellant filed a motion to dismiss on the grounds that the state failed to bring him to trial in a timely fashion. This motion was overruled on December 5, 2005.

Appellant was released on a $50,000 bond on October 11, 2005.

Jury trial began on December 8, 2005. Immediately prior to trial, Appellant asked the court to appoint new counsel. Appellant admitted to the trial judge that his counsel was doing a good job, but he decided it was in his best interests to obtain new counsel. (Tr., pp. 9-10.) He said he talked to his mother and friends and they agreed that he should get new counsel. (Tr., pp. 11-12.) The judge overruled the motion for new counsel.

At trial, the state called a variety of police officers to testify about each controlled drug purchase. Each drug purchase was done through a confidential informant. For each purchase, the police gave the confidential informant a sum of money, and the informant arranged a location with Appellant where they were to meet to complete the cocaine purchase. The police searched the informant and his vehicle prior to each drug purchase, placed a recording wire on him, and observed the drug transaction. The police searched the informant again after the transaction ended.

The state introduced as evidence five lab reports identifying each cocaine sample and its weight. The state called two forensic chemists to testify about the lab reports. Barbara DiPietro, a scientist at the Bureau of Criminal Identification and Investigation lab in Richfield, Ohio, examined the sample corresponding to count five of the indictment. John Pflugh, a chemist with Tri-State Laboratories in Youngstown, Ohio, signed the reports for the remaining four samples. It was revealed at trial that Mr. Pflugh did not actually test or oversee the testing of the samples labeled as State's Exhibits 4 and 7, and which correspond to counts one and four of the indictment.

The state rested its case in the early afternoon of December 8, 2005, and Appellant moved to dismiss the charges pursuant to Crim.R. 29. The court overruled the motion. Appellant's counsel then stated that he had no evidence to present and rested his case. The court attempted to address the jury at 3:10 p.m., but Appellant had left the building and could not be found. The judge did not want to proceed without Appellant's presence. The parties eventually agreed on a course of action. They decided that the judge and a court reporter would go to

> the jury room without counsel, so that the judge could tell the jurors to go home for the evening. They agreed that the judge would not mention that Appellant had fled from the trial and could not be found.
>
> A warrant was issued for Appellant's arrest. He voluntarily appeared at court the next morning. He was arrested in the courthouse and it was agreed that contempt proceedings were to be postponed until after the jury reached its verdict. It was at this point in the proceedings Appellant requested he be permitted to testify in his defense. Counsel noted that this was against his advice, but agreed that Appellant had a right to testify if he so desired. The court reopened the evidentiary portion of the case and allowed Appellant to testify. The jury convicted Appellant on all five counts that same day.
>
> On December 12, 2005, the court held a contempt hearing and proceeded to sentencing. The court found Appellant in direct contempt of court and imposed 50 days in jail, to be served prior to any prison sentence that might be imposed in the case. Moving to the sentencing hearing, the court sentenced Appellant to one year in prison on count one, five years on count two, one year on count three, two years on count four, and two years on count five, to be served consecutively, for an aggregate prison term of eleven years. The court filed its sentencing entry on December 14, 2005. On December 21, 2005, Appellant filed a motion for a new trial, which was overruled on December 23, 2005.

(Doc. 6, RX 10, at 2-5; State v. Davis, No. 05-MA-235, 2007 WL 4696960, at *1-*3 (Ohio Ct. App. Dec. 18, 2007).)

### A. Direct Appeal

Davis filed a timely appeal of his conviction, and set forth the following seven assignments of error:

> 1. The trial court erred by over ruling the Defendants Criminal Rule 29 Motions.
>
> 2. Defendant was denied Due Process of Law and his rights under the Sixth Amendment Confrontation Clause of the Federal Constitution and like provisions of the Ohio Constitution when the Court allowed states exhibits 4 & 7 to be admitted into evidence and further erred when it allowed the testimony of John Pflugh as to the weight of the substance identified in said exhibits.

> 3. Defendant was denied Due Process of Law when the court overruled defendant's motion to dismiss by reason of pre-indictment delay.
>
> 4. The trial court abused its discretion by finding the Defendant to be in direct criminal contempt and in imposing a penalty of 50 days and beyond the statutory limits of R.C. 2705.05 for a first contempt.
>
> 5. The trial court erred in failing to adequately inquire into the Defendants motion for substitution of counsel.
>
> 6. The Court denied the Defendant due process of law by allowing into evidence the alleged contraband as the chain of custody is irreparably flawed.
>
> 7. The Court erred when it failed to grant Defendant's motion for a new trial and or motion for mistrial.

(Doc. 6, RX 8.) On Dec. 18, 2007, the court of appeals reversed his convictions on two of the five drug trafficking counts, but otherwise affirmed the judgment of the trial court. (Doc. 6, RX 10, at 33-34; State v. Davis, No. 05-MA-235, 2007 WL 4696960, at *17 (Ohio Ct. App. Dec. 18, 2007).)

On Jan. 30, 2008, the state filed a timely appeal to the Supreme Court of Ohio. (Doc. 6, RX 11-12.) The state supreme court denied leave to appeal on May 21, and dismissed the case because it did not involve any substantial constitutional question. (Doc. 6, RX 13; State v. Davis, 118 Ohio St.3d 1408, 886 N.E.2d 872 (2008).) Davis did not appeal to the Supreme Court of Ohio.

## B. Rule 26(B) Application

On Feb. 8, 2008, Davis filed an application to reopen his appeal, pursuant to Rule 26(B). The application was based on ineffective assistance of appellate counsel on three grounds:

5

[1.] Trial court committed plain error when it failed to instruct jury that culpable mental state of recklessness applied to offense of trafficking in cocaine in vicinity of a school.

[2.] Whether Criminal Rule 29 challenge to Count Two should have been granted given state failed to produce sufficient evidence as to culpable mental state of recklessness.

[3.] Whether Mr. Davis incurred prejudice from pre-indictment delay and was reason therefor justifiable.

(Doc. 6, RX 14.) The court of appeals found his application to be without merit, and denied the application. (Doc. 6, RX 15; State v. Davis, No. 05-MA-235, 2008 WL 2425203 (Ohio Ct. App. June 12, 2008).)

Davis filed an appeal of this denial to the state high court on July 21, 2008. (Doc. 6, RX 16.) Davis set forth two propositions of law:

1. The court of appeals ignored "plain error" when it failed to consider the effective date for H.B. 163 (which only applies to offenses committed on or after September 23, 2004 and not offenses committed prior to 9/23/04), finding erroneously that State v. Lozier does not apply to the instant case when it does, thus, the trial court failed to instruct jury that culpable mental state of recklessness applied to offense of trafficking in cocaine in vicinity of a school.

2. The court of appeals ignored "plain error" when failing to find merit on the issue presented: that evidence was insufficient to sustain a verdict for trafficking in cocaine in the vicinity of a school, when appellant claimed ineffective assistance of appellate counsel for failing to raise this meritorious issue.

(Doc. 6, RX 17.) The state supreme court dismissed the appeal because it did not involve any substantial constitutional question. (Doc. 6, RX 18; State v. Davis, 119 Ohio St.3d 1476, 894 N.E.2d 334 (2008).)

### C. Petition for Post-Conviction Relief

6

While his direct appeal was pending, Davis also filed a petition for post-conviction relief, pursuant to Ohio Rev. Code § 2953.21, with the trial court on Sept. 13, 2007. The petition was based on three grounds:

> 1. Defendant suffers genuine prejudice to his right to a fair trial pursuant to prosecutorial misconduct in masquerading key witness/accuser as some newfound stellar citizen.
>
> 2. Defendant suffers ineffective assistance of counsel pursuant to counsel's failure to investigate, or otherwise familiarize himself with, elements ascribed to "school-zone" specifications.
>
> 3. Defendant suffers prejudice of not having his jury find fact(s) necessary to impose consecutive sentences, especially given prosecutorial misconduct was relied upon by this Court in sanctioning such cumulative punishment.

(Doc. 6, RX 19.) The court denied his petition for post-conviction relief. (Doc. 6, RX 22.) Davis appealed. (Doc. 6, RX 23-24.)

The court of appeals noted that the post-conviction petition was not timely filed, and that the trial court did not have jurisdiction to entertain the petition. The court found that the petition was time-barred, and affirmed the dismissal of the petition on those grounds. (Doc. 6, RX 26; State v. Davis, No. 08-MA-16, 2008 WL 5059072 (Ohio Ct. App. Nov. 26, 2008).)

On Jan. 5, 2008, Davis appealed that judgment to the Supreme Court of Ohio. (Doc. 6, RX 27-28.) The state supreme court declined jurisdiction, and dismissed the appeal because it did not involve any substantial constitutional question. (Doc. 6, RX 29; State v. Davis, 121 Ohio St.3d 1450, 904 N.E.2d 900 (2009).)

Davis filed this petition for a writ of habeas corpus on July 17, 2009. (Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Davis has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. EXHAUSTION AND PROCEDURAL DEFAULT

The respondent argues that several of the grounds of the petition have been procedurally defaulted, because Davis did not fairly present them to the state courts. (Doc. 6, at 10.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to

9

resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), aff'd, 507 F.3d 916 (6th Cir. 2007). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 130 S.Ct. 503 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state

procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

### A. Jury Instructions

The first ground of the petition alleges a denial of Davis' constitutional rights because the trial court did not properly instruct the jury "on the culpable mental state of recklessness in regard to the vicinity of a school specification." Davis claims, in other words, that the trial court erred in its jury instructions.

As noted by respondent, Davis did not raise this claim on direct appeal. (Doc. 6, at 12-13.) See generally doc. 6, RX 8. Thus, his federal claim was not exhausted, and cannot be reviewed by this habeas court. O'Sullivan, 526 U.S. at 845; Rust, 17 F.3d at 160.

Because the claim was not raised on direct appeal, it is barred by the Ohio rule of res judicata. Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-161; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176,

11

226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9).  Res judicata would bar Davis from litigating an issue that could have been raised on direct appeal.  Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Davis concedes that "not one of his Grounds for Relief set forth in his application concern any of the issues raised in his direct appeal.  The issues set forth in the Petition are issues raised in his [Rule 26(B)] Application to Reopen his Appeal."  (Doc. 8, at 11.)  However, although Davis may have attempted to raise this issue in his Rule 26(B) motion for reopening, that procedure is limited to claims of ineffective assistance of appellate counsel.  Ohio R. App. P. 26(B)(1).  The state courts will not entertain other claims.  See State v. Goines, 74 Ohio St.3d 409, 410, 659 N.E.2d 787 (1996) (per curiam) (claimed errors not related to ineffective assistance of appellate counsel are disregarded); State v. Cook, No. WD-04-029, 2005 WL 1926517, at *4 (Ohio Ct. App. Aug. 10, 2005) (claim of ineffective assistance of trial counsel improper basis for Rule 26(B) motion); State v. Huber, No. 80616, 2003 WL 21419177, at *2 (Ohio Ct. App. June 18, 2003) (same).

The Sixth Circuit has held that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998); see also Jalowiec v. Bradshaw, No. 1:03CV0645, 2008 WL 312655, at *24 (N.D. Ohio Jan. 31, 2008). Davis now raises the issue as a matter of the trial court's error in improperly instructing the jury, not as an ineffective assistance claim. See, e.g., Sneed v. Johnson, No. 1:04CV 588, 2007 WL 709778, at *33 (N.D. Ohio Mar. 2, 2007), aff'd, 600 F.3d 607 (6th Cir. 2007), petition for cert. filed, August 4, 2010 (No. 10-5809) (claims were never raised as distinct grounds for relief but as ineffective assistance claims in application to reopen). The first ground was not properly exhausted in the state courts, and cannot serve as the basis for habeas relief.

Moreover, even if the claim had been properly presented, the state court noted that the claim would fail on the merits. (Doc. 6, at 14.) The court of appeals found that Davis could not challenge the jury instructions on appeal, because he had not lodged a timely objection at trial, and he did not show plain error. (Doc. 6, RX 15, at 3; Davis, 2008 WL 2425203, at *2.) Ohio's contemporaneous objection rule is an adequate and independent state ground on which the state can rely to foreclose habeas review. Gulertekin v. Tinnelman-Cooper, 340 F.3d 415, 424 (6th Cir. 2003); Loza v. Mitchell, No. C-1-98-287, 2002 WL 1580520, at *28-*30 (S.D. Ohio June 11, 2002) (citing Scott v. Mitchell, 209 F.3d 854, 867-871 (6th Cir.), cert. denied, 531 U.S. 1021 (2000)). See generally Wainwright, 433 U.S. at 86-88 (contemporaneous objection rule adequate and independent state ground).

13

The first ground cannot serve as the basis for habeas relief.

### B. Due Process

The second ground of the petition alleges a due process violation in two parts: 1) first, that the state court of appeals failed to find, as "plain error," that the evidence was insufficient to support the "school vicinity" specification, and 2) that the court of appeals failed to find ineffective assistance of appellate counsel for failing to raise this same issue. Davis claims, in other words, that the state court of appeals improperly ruled on his sufficiency of the evidence claim, and that the court improperly ruled on his related ineffectiveness claim.

Again, as conceded by Davis, the first sub-claim was not raised on direct appeal.[1] See generally doc. 6, RX 8. Thus, this federal claim was not exhausted, and cannot be reviewed by this habeas court. O'Sullivan, 526 U.S. at 845; Rust, 17 F.3d at 160. Because the claim was not raised on direct appeal, it is barred by the Ohio rule of res judicata. Lott, 261 F.3d at 611-612; Rust, 17 F.3d at 160-161. Under the same rationale as the first ground, outlined above, the insufficiency sub-claim was not properly exhausted in the state courts, and cannot serve as the basis for habeas relief.

Davis did raise an argument of ineffective assistance of appellate counsel for failing to raise the "school vicinity" specification issue in his Rule 26(B) application. However, he simply argued that the state "produced absolutely no evidence to

---

[1] Although Davis raised sufficiency of the evidence arguments on direct appeal, the issues argued were entirely different. See doc. 6, RX 8, at 2-5.

satisfy [the] element of recklessness." (Doc. 6, RX 14, at [3].) The state court set forth the proper standard under Strickland v. Washington, 466 U.S. 668 (1984), and ruled on his argument as follows:

> Appellant also assumes that there was insufficient evidence that he was "reckless" in trafficking cocaine in the vicinity of a school. He contends that he could not have been "reckless" in his criminal activity unless the school was actually in session, but he presents no legal support for this conclusion. The definition of "vicinity of a school" does not refer to whether children are in the school when the crime occurs, or whether the school is in session when the crime occurs.
>
> * * * * *
>
> Appellant is aware that his arguments, of whatever nature, are based on evidence de hors the record. Appellate counsel could not rely on such evidence during direct appeal. State v. Ishmail (1976), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. Thus, appellate counsel committed no error in failing to raise errors on appeal that required evidence de hors the record, and counsel could not be deemed ineffective under Strickland and the other aforementioned cases.

(Doc. 6, RX 15, at 3-4; Davis, 2008 WL 2425203, at *2.)

Ineffective assistance of counsel is not considered a due process violation, but rather a violation of the Sixth Amendment. Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)).

The Sixth Circuit discussed the general standard for ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were

15

> so serious as to prejudice the defendant. Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted). See generally Strickland, 466 U.S. at 689 (two-part test). A criminal appellant is constitutionally entitled to the effective assistance of counsel in his direct appeal, as well as at trial. Evitts v. Lucey, 469 U.S. 387 (1985).

In the habeas context, this court considers petitioner's ineffective assistance claim "within the more limited assessment of whether the state court's application of Strickland to the facts of this case was objectively unreasonable." Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000). Appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit. Willis v. Smith, 351 F.3d 741, 745 (6th Cir. 2003). Davis has failed to establish that the state court's application of Strickland was objectively unreasonable.

The petition should not be granted on the basis of the second ground.

### C. Pre-Indictment Delay

The third ground of the petition is that Davis' constitutional rights were violated "by the State's failure to disclose evidence concerning its reasons for the Pre-Indictment delay." Davis claims, in other words, that the prosecution improperly failed to disclose the reasons behind an alleged pre-indictment delay.

16

Davis raised the general issue of pre-indictment delay in his direct appeal, but the court of appeals overruled his arguments, primarily on the basis of lack of prejudice. The court found, for example, that he was not incarcerated while the case was being built against him, nor was he subject to lengthy criminal proceedings prior to being fully informed of the charges against him. (Doc. 6, RX 10, at 12-13; Davis, 2007 WL 4696960, at *7.)

In his Rule 26(B) application, he contended that he suffered "insurmountable" prejudice due to the delay. (Doc. 6, RX 14, at [4]-[5].) The court of appeals rejected his arguments, finding that Davis added nothing to convince the court that its extensive review of his arguments on direct appeal was erroneous. (Doc. 6, RX 15, at 4; Davis, 2008 WL 2425203, at *2.)

The current theory raised by Davis is that "the prosecution delayed indictment and therefore the trial, in order to make their confidential informant more presentable, ergo, believable." (Doc. 8, at 21.) This theory was not raised on direct appeal. Although Davis states that his post-conviction petition "was predicated upon the fact that the Prosecution purposely withheld their reason for pre-indictment delay," there is no indication of this argument in his petition. See generally doc. 6, RX 19. Rather, Davis argued that there was prosecutorial misconduct in that the state withheld from the court the "true character" of a witness against him. See RX 19, at 3-4. The claim was not therefore presented to the state courts under the same theory in which it is now presented to this court, and thus was not exhausted. Wong, 142 F.3d at 322.

17

In addition, a petition for post-conviction relief, pursuant to Ohio Rev. Code § 2953.21, is a civil proceeding. Normand v. McAninch, 210 F.3d 372, 2000 WL 377348, at *5 (6th Cir. 2000) (TABLE, text in WESTLAW) (citing State v. Nichols, 11 Ohio St.3d 40, 463 N.E.2d 375 (1984)); State v. Steffen, 70 Ohio St.3d 399, 410, 639 N.E.2d 67, 76 (1994); State v. Apanovitch, 107 Ohio App.3d 82, 87, 667 N.E.2d 1041, 1044 (Ohio Ct. App. 1995) (post-conviction proceeding is collateral civil attack on judgment). Even if Davis could demonstrate that some error occurred during his state post-conviction proceeding, such a claim is not cognizable on federal habeas review. Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007); Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002), cert. denied, 540 U.S. 853 (2003) (citing Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986)); Greer v. Mitchell, 264 F.3d 663, 681 (6th Cir. 2001), cert. denied, 535 U.S. 940 (2002); Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir.), cert. denied, 519 U.S. 907 (1996) (citing cases).

The petition should not be granted on the basis of the third ground.

## IV. SUMMARY

The petition for a writ of habeas corpus should be denied because the first and third grounds of the petition were not properly exhausted in the state courts. The second ground was exhausted, in part, but the petition should not be granted on that ground because Davis failed to establish that the state court's application of Strickland was objectively unreasonable.

18

RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be DENIED.


Dated:   Aug. 27, 2010                /s/ Kenneth S. McHargh
                                      Kenneth S. McHargh
                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).