UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE DAVIS, | ) | CASE NO. 4:09CV1654 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| MARGARET BRADSHAW, Warden | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Lawrence Davis' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and

1

detailed discussion of the facts.

On March 3, 2005, Petitioner was indicted on five counts of Drug Trafficking in Mahoning County, Ohio, under Revised Code 2925.03(A)(1). Counts One and Three were fourth degree felonies and Counts Four and Five were third degree felonies, Count Two was a second degree felony, alleging that the drug sale took place within one thousand feet of a school. There was a forfeiture specification attached to count Three. The case proceeded to a jury trial. The jury found Petitioner guilty of all five counts.

On December 21, 2005, Petitioner filed a Motion for a New Trial, which was overruled on December 23, 2005. Petitioner filed a timely appeal of his conviction and on Dec. 18, 2007, the Court of Appeals reversed his convictions on counts One and Four, but otherwise affirmed the judgment of the trial court. On Feb. 8, 2008, Petitioner filed an Application to Reopen Appeal, pursuant to Rule 26(B). The Court of Appeals found his Application to be without merit, and denied the Application. Petitioner filed an Appeal of this denial to the Ohio Supreme Court on July 21, 2008. The Ohio Supreme Court dismissed the Appeal because it did not involve any substantial constitutional question.

While his direct appeal was pending, Petitioner filed a Petition for Post-Conviction Relief with the trial court on September 13, 2007, which was denied. Petitioner appealed the decision. The Court of Appeals found that the Petition was time-barred, and affirmed the dismissal of the Petition. On Jan. 5, 2008, Petitioner appealed that judgment to the Supreme Court of Ohio. The Ohio Supreme Court declined jurisdiction, and dismissed the Appeal because it did not involve any substantial constitutional question.

Petitioner filed the instant Petition for a federal writ of habeas corpus in this court on July 17, 2009, asserting the following three grounds for relief:

**Ground One**: Petitioner was denied due process and equal protection when the trial court failed to instruct the jury on the culpable mental state of recklessness in regard to the vicinity of a school specification when the law in effect at the time of the crime mandated such an instruction.

**Ground Two**: Petitioner was denied due process when Appellate Court failed to recognize, as plain error, that the evidence was insufficient to support a school vicinity specification as defined by the Ohio Supreme Court, and Petitioner was further denied due process when that same court failed to find ineffective assistance of appellate counsel for failing to raise this issue.

**Ground Three**: Petitioner's Constitutional rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were violated by the State's failure to disclose evidence concerning its reasons for the Pre-Indictment delay.

On September 21, 2009, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on August 27, 2010. Petitioner filed his Objections to the Report and Recommendation on September 27, 2010.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state

3

adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("§ 2244(d)(1)").

Respondent asserts that Petitioner's First, Third and portions of his Second Ground for Relief have been procedurally defaulted as a result of his failure to fairly

present them to the Ohio courts. A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991;) *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Buell*, 274 F.3d at 348 (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (quoting *Maupin*).

In Ground One, Petitioner contends the trial court erred in its jury instruction by failing to instruct the jury on the culpable mental state of recklessness in regard to the vicinity of a school specification. Respondent asserts that Petitioner did not raise this claim on direct appeal. In his Objections to the Magistrate's Report and Recommendation, Petitioner contends he attempted to raise this issue in his Rule 26(B) Application to Reopen Appeal. As the Magistrate Judge correctly points out, that procedure is limited to claims of ineffective assistance of appellate counsel. Ohio R. App. P. 26(B)(1). The Court agrees with the Magistrate Judge's determination that his

federal claim was not exhausted, and cannot be reviewed by this habeas court. *O'Sullivan v. Boerckel*, 526 U.S. 845; *Rust v. Zent*, 17 F.3d 160. Therefore, Ground One cannot serve as the basis for habeas relief.

Ground Two has two parts. Petitioner first contends that the Court of Appeals improperly ruled on his sufficiency of the evidence claim, and second, further denied due process by improperly ruling on his claim of ineffective assistance of appellate counsel for failing to raise this issue. The Magistrate Judge again correctly ruled that the issues argued in the first part of the claim were not raised on direct appeal. Therefore, this federal claim was not exhausted, and cannot be reviewed by this habeas court. *O'Sullivan*, 526 U.S. at 845; *Rust,* 17 F.3d at 160. Because the claim was not raised on direct appeal, it is barred by the Ohio rule of res judicata. *Lott v. Coyle,* 261 F.3d 611-612 (6th Cir. 2001); *Rust*, 17 F.3d at 160-161.

In the second part of Ground Two, Petitioner did raise an argument of ineffective assistance of appellate counsel for failing to raise the "school vicinity" specification issue in his Rule 26(B) application. In the Return of Writ, Respondent asserts that the Court of Appeals correctly found the claim meritless and the Ohio Supreme Court declined discretionary review. Ineffective assistance of counsel is not considered a due process violation, but rather a violation of the Sixth Amendment. Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." *Joshua v. DeWitt*, 341 F.3d 430, 437 (6th Cir. 2003) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

The Magistrate Judge correctly points out that the state court set forth the proper standard under *Strickland v. Washington*, 466 U.S. 668 (1984) in finding that

6

appellate counsel committed no error and therefore was not ineffective. In the habeas context, the court considers petitioner's ineffective assistance claim "within the more limited assessment of whether the state court's application of *Strickland* to the facts of this case was objectively unreasonable." *Washington v. Hofbauer*, 228 F.3d 689, 702 (6th Cir. 2000). Appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit. *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003). The Court agrees with the Magistrate Judge's determination that Petitioner has failed to establish that the state court's application of *Strickland* was objectively unreasonable.

In Ground Three, Petitioner contends his rights were violated by the State's failure to disclose evidence concerning its reasons for the Pre-Indictment delay. Respondent asserts that Petitioner's failure to present any federal constitutional issue to the Ohio Supreme Court on discretionary review constitutes procedural default. The Sixth Circuit has held that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

Petitioner raised the general issue of pre-indictment delay in his direct appeal but the Court of Appeals overruled his arguments, primarily on the basis of lack of prejudice. In Petitioner's Habeas Petition, he raises the theory that the prosecution delayed indictment and therefore the trial, in order to make their confidential informant more presentable and believable. The Magistrate Judge concluded that this theory was not raised on direct appeal. The claim was not therefore presented to the state courts under the same theory in which it is now presented to this court, and thus was not exhausted. *Wong*, 142 F.3d at 322.

7

The Court finds Ground One, part of Ground Two and Ground Three of Petitioner's Petition were not properly exhausted in the state courts, and are therefore, denied. Ground Two was exhausted, in part, but the Petition is denied on that ground because Petitioner failed to establish that the state court's application of *Strickland* was objectively unreasonable.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:10/5/2010

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge